IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

OMARI HOWARD PATTON                                              PETITIONER
Reg #07410-068

V.                          No. 2:23-cv-246-DPM-ERE

CHAD GARRETT, Warden Forrest
City Correctional Complex                                         RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("RD") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this RD. Objections, if filed, should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not file objections, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this RD without independently reviewing the record.

I.   INTRODUCTION

On December 28, 2023, Omari Patton, an inmate at the Federal Correctional Institution in Forrest City, Arkansas, filed a petition for habeas relief under 28 U.S.C. § 2241 seeking jail credit toward the federal sentence he is serving. *Doc. 1*.

For the reasons explained below, Mr. Patton's habeas petition should be dismissed because his arguments are meritless.

1

## II.  BACKGROUND

On June 20, 2005, Mr. Patton was sentenced to 360 months in prison for numerous drug-related convictions in the Western District of Pennsylvania ("W.D. Pa.") ("Case 1"). *Doc. 10-1*. Following the application of retroactive sentencing guidelines, the sentence in Case 1 was reduced to 294 months imprisonment. *Doc. 10-2*

Mr. Patton was indicted again in the W.D. Pa. on January 8, 2019, for drug-related charges, but he was acquitted ("Case 2"). *Doc. 10-3*.

On May 3, 2022, while still serving the sentence in Case 1, Mr. Patton was indicted a third time in the W.D. Pa. for possessing prohibited objects in prison, in violation of 18 U.S.C. § 1791 ("Case 3"). *Doc. 10-4*.

On January 10, 2023, the sentencing court in Case 1 granted Mr. Patton compassionate release. *Doc. 10-5*. However, the court did not "order Mr. Patton's immediate release from custody. . . because Mr. Patton [was] being detained pending trial" in Case 3. *Id. at 9*. On June 15, 2024, Mr. Patton was sentenced to 65 months imprisonment in Case 3. *Doc. 10-7*. Mr. Patton is currently serving the sentence imposed in Case 3.

Mr. Patton's habeas petition seeks additional jail credit towards Case 3. He asserts that on February 12, 2019, he was "transferred to the custody of the United States Marshals, through a writ, placing him in official pretrial release" in Case 2.

2

*Doc. 1 at 2.* After he was acquitted in Case 2, he was "returned to the custody of the Bureau of Prisons" on April 26, 2022. *Id. at 3.* "On June 16, 2022, the United States Marshals obtained custody of [Mr.] Patton again, through a writ, placing him back in official pretrial detention." *Id.* According to Mr. Patton, the time spent in U.S. Marshal custody should be credited toward Case 3.

On February 15, 2024, Respondent filed a response, asserting that the Court should dismiss the petition as meritless because the time Mr. Patton spent in U.S. Marshal custody was credited toward Case 1. Once Mr. Patton was granted compassionate release, his time credits were applied toward Case 3, first as a pretrial detainee and, after he was convicted, as an inmate. *Doc. 10 at 4.* Respondent argues that Mr. Patton is not entitled to any additional jail credit.

On March 4, 2024, Mr. Patton filed a reply, maintaining his argument that the BOP has failed to properly apply all time credit. He also contends that from June 16, 2022, to present, the BOP failed to properly apply credits "even after the court ordered [Mr.] Patton's [Case 3] sentence to run concurrent to" Case 1. *Doc. 13.*

### III.  DISCUSSION

As a starting point, Mr. Patton "agrees he would not ordinarily be entitled to custody credit on his federal sentence prior to the commencement date." *Doc. 13 at 2-3.* He argues that "[a]n exception applies, however, when, as here the [Case 3] sentence runs concurrently with" Case 1. *Id.*

3

Contrary to Mr. Patton's argument, the term of imprisonment in Case 3 is not concurrent with Case 1. Case 1 was terminated after the sentencing court granted compassionate release on January 10, 2023, which was before Mr. Patton was sentenced in Case 3. Because Case 1 had been terminated, there was nothing to which Case 3 could run concurrently. The only discussion at sentencing regarding a concurrent application was with regards to <u>supervised release</u> for Case 1 after Mr. Patton's release from custody on Case 3 to begin supervision on both Case 1 and 3. *Doc. 1 at 24-25*.

Even if Mr. Patton had been serving a sentence in Case 1 at the time he was sentenced in Case 3, the sentencing judge would have been required by law to impose the new sentence consecutive to the earlier sentence. *See* 18 U.S.C. § 1791(c)(2) ("Any punishment imposed under subsection (b) for a violation of this section by an inmate of a prison shall be consecutive to the sentence being served by such inmate at the time the inmate commits such violation.").

Furthermore, 18 U.S.C. § 3585 provides that Mr. Patton "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . [if it] <u>has not been credited against another sentence</u>." (emphasis added). See *Sarro v. Billingsley*, No. 11 CIV. 9395 MHD, 2013 WL 120817, at *4 (S.D.N.Y. Jan. 10, 2013) (holding that "§ 3585(b) does not authorize giving a credit on a federal sentence for any prison time

4

that has already been credited to another sentence, whether state or federal"). Before Case 1 was terminated, all time in custody was credited toward that case. Once Case 1 was terminated, the time in custody was credited toward Case 3. Mr. Patton was given credit toward Case 3 from January 12 to June 14, 2023.[1] On this record, he is entitled to no additional credit.

Mr. Patton's arguments regarding a change in his status when he was transferred from BOP custody to U.S. Marshal's custody also is meritless. At all times before Case 1 was terminated, he was a federal inmate in the custody of the BOP. The fact that on a few occasions he was in U.S. Marshal custody does not change his status to a pretrial detainee. First, as mentioned earlier, he was credited with that time toward Case 1. Second, "[d]uring the period after the writ of habeas corpus *ad prosequendum* had been issued, [Mr. Patton] was not held in custody in connection with the federal offenses for which the second sentence was imposed. Instead, he was serving his sentence for his . . . conviction" in Case 1. *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992). "The issuance of the writ of habeas corpus *ad prosequendum* did not alter his custody status. It merely changed the location of his custody for the sentence he was already serving." *Id.*

---

[1] Presumably, the two-day delay between the January 10, 2023, compassionate release order and the commencement of credits toward Case 3 on January 12, 2023, is related to the time it took the BOP to receive order. Neither party addressed this issue. If there is a dispute over these two days, Mr. Patton must first raise the issue with the BOP and exhaust his administrative remedies related to the calculation before seeking a judicial remedy.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that Petitioner Omari Patton's petition for writ of habeas corpus (*Doc. 1*) be dismissed.

Dated 11 April 2024.

                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE